IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HELICOPTERS FOR AGRICULTURE;
JAMES BARRETT; HEIDI BARRETT;
and BARRETT AND BARRETT
VINEYARDS, LP,

    Plaintiffs,

v.

COUNTY OF NAPA and NAPA COUNTY
BOARD OF SUPERVISORS,

    Defendants.

No. C 18-06124 WHA

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**

## INTRODUCTION

In this action challenging a county ordinance regulating the use of helicopters for agricultural purposes, defendants' motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**.

## STATEMENT

In June 2018, the voters of Napa County passed an initiative measure that restricted the use of helicopters for agricultural operations. The measure was soon adopted as Napa County Ordinance No. 2018-002 and included the following statement of purpose:

> The people find that any proliferation of personal use airports or heliports would be inconsistent with and detrimental to the rural, agricultural and peaceful character of Napa County. This Ordinance is intended to prohibit any new personal use airports or heliports. Also, the Ordinance makes no changes to existing law that permits the landing of aircraft and helicopters for emergency uses. Finally, the Ordinance clarifies the limited circumstances

under which helicopters may take-off and land in the County for
agricultural purposes.

The ordinance specifically modified Section 18.120.010 of the Napa County Code, which listed exceptions to use limitations. Before the enactment of the ordinance, Section 18.120.010 explicitly allowed "[h]elicopter takeoffs and landings solely in support of direct agricultural production activities such as aerial spraying and frost protection" without a user permit in any zoning district. The ordinance modified that section to allow "[h]elicopter takeoffs and landings at locations other than public airports, in support of direct agricultural activities, but only if the takeoffs and landings comply with all of the following conditions: (a) they are solely in support of direct aerial agricultural activities and applications such as aerial spraying, aerial frost protection, or aerial mapping; (b) they do not transport persons other than those essential to the conduct of such aerial activities; and (c) they are unavoidable."

The ordinance further required that within forty-eight hours of any takeoff or landing in support of direct agricultural activities, the helicopter operator had to submit a written report stating the date, time, duration, and aerial activity of the operation, along with the people who participated in the activity, and the reason why the operation was unavoidable. Violation of the ordinance could result in civil and criminal penalties (First Amd. Compl. ¶¶ 1, 33–38).

Plaintiff Helicopters for Agriculture is an unincorporated nonprofit association committed to the removal of state and local regulatory barriers to the use of helicopters for agricultural operations. Plaintiffs James and Heidi Barrett are residents of Napa County and owners of plaintiff Barrett and Barrett Vineyards, LP, a California limited partnership that owns and operates a vineyard in northern Napa County. Since 2010, the Barretts have owned and used a helicopter for agricultural activities on their vineyards and offered similar services to clients that own vineyards in neighboring counties. Helicopters play a critical role, they say, in agricultural management and production and are used for distribution of seed for crop cover, frost protection, aerial spraying, grape drying, and vineyard inspection. The Barretts allege that continued helicopter use may subject them to civil and criminal liability. Plaintiffs thus bring this action for declaratory and injunctive relief against defendants, the County of Napa and its

2

1  Board of Supervisors, in order to protect their own interests and those of other owners and
2  operators of farms and vineyards in Napa County (First Amd. Compl. ¶¶ 1–7, 10–24).

3  Plaintiffs assert three lines of attack against the ordinance. *First*, plaintiffs bring a facial
4  challenge that the ordinance is insufficiently precise to give fair notice, thus violating due
5  process. *Second*, plaintiffs claim that the ordinance is facially preempted by Federal Aviation
6  Administrations regulations. *Third*, the Barretts claim that the application of the ordinance
7  would deprive them of their vested rights in violation of due process. Defendants Napa County
8  and its Board of Supervisors move to dismiss all claims.

**ANALYSIS**

**1.  VOID FOR VAGUENESS.**

The Due Process Clause prohibits the government from "tak[ing] away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). "The Fifth Amendment prohibits the enforcement of vague criminal laws, but the threshold for declaring a law void for vagueness is high." *Id.* at 2576. Facial challenges to a law, as here, are especially "disfavored" because they "often rest on speculation" and "run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of necessarily deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is applied." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008) (internal citations and quotations omitted).

Our court of appeals recently addressed the legal standard for facial void for vagueness challenges in *Gurrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018). Before *Gurrero*, plaintiffs mounting a facial challenge for vagueness had to "establish that no set of circumstances exists under which the statute would be valid," a high bar outlined in *United States v. Salerno*, 481 U.S. 739, 745 (1987). Our court of appeals found that two Supreme Court decisions, *Johnson*, 135 S.Ct. at 2556, and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), expressly rejected the "no set of circumstances" test in the void for vagueness context. *Gurrero*, 908 F.3d. at 544. Our

3

court of appeals lowered the burden for parties, like plaintiffs, that bring facial void for vagueness challenges as the government cannot defeat challenges by simply offering a single example where a law could be clearly applied.

Here, plaintiffs challenge the use of the words "essential" and "unavoidable" in the ordinance as impermissibly vague. The ordinance specified that only personnel "essential" to the conduct of aerial activities were allowed on the helicopters, and the helicopter takeoffs and landings had to be "unavoidable."[1] The ordinance, however, failed to define these words or provide other context (First Amd. Compl. ¶¶ 39–48).

This order holds that the word "unavoidable" is unduly vague, at least at the pleading stage. Does it mean that the crop will fail without that particular aerial spraying? Does it mean that ground-based spraying—as in hand spraying—would not suffice? Does it mean that the flight is barred if it is physically possible to take off and land from a municipal airport? Or does it simply mean that if aerial spraying is used, the task must be accomplished in the fewest number of flights possible? Yes, the word "unavoidable" has been upheld in other contexts but here the context lends itself to too many possibilities.

On the other hand, the word "essential" is not vague. It means the pilot and all other personnel on board are needed to safely complete the flight and to complete the agricultural operation. This includes spray operators, co-pilots, and even the field manager of the vineyard if needed to direct the spraying operations. Thus, as to "essential," defendants' motion to dismiss the void for vagueness claim is **GRANTED**. As to "unavoidable," the motion is **DENIED**.

   2. **FEDERAL PREEMPTION.**

Plaintiffs also claim that the ordinance is preempted by the Federal Aviation Act of 1958, 49 U.S.C. §§ 40101–50105. "There are three circumstances in which state law is preempted under the Supremacy Clause, U.S. Const. art. VI, cl. 2, by federal law: (1) express

---

[1] A court may judicially notice a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rules of Evidence 201(b). Courts may take judicial notice of matters of public record, including municipal ordinances. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir 2006). Therefore, plaintiffs' request for judicial notice of Exhibit A, Ordinance No. 2018-02, is **GRANTED**. Exhibit B, an FAA Advisory Circular on rotocraft external-load operations, is not necessary for resolving the motion to dismiss, so the request for judicial notice as to Exhibit B is **DENIED AS MOOT**.

4

preemption, where Congress explicitly defines the extent to which its enactments preempt state law; (2) field preemption, where state law attempts to regulate conduct in a field that Congress intended the federal law exclusively to occupy; and (3) conflict preemption, where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress." *Indus. Truck Ass'n, Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997).

As the "Federal Aviation Act has no express preemption clause," plaintiffs preemption theories must allege either implied field preemption or conflict preemption. *See Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009). To bring a facial preemption challenge, plaintiffs must still overcome the high bar set in *Salerno*: that "no set of circumstances exists under which the Act could be valid." *See Puente Arizona v. Arpaio*, 821 F.3d 1098, 1104 (9th Cir. 2016).

### A. Field Preemption.

The "essential field preemption inquiry is whether the density and detail of federal regulation merits the inference that any state regulation within the same field will necessarily interfere with the federal regulatory scheme." *Nat'l Fed. of the Blind v. United Airlines, Inc.*, 813 F.3d 718, 734 (9th Cir. 2016). A two-step framework has been established for evaluating field preemption: "The first step in determining whether [field preemption] exists is to delineate the pertinent regulatory field; the second is to survey the scope of the federal regulation within that field." *Ibid*.

Here, there is an initial dispute over the pertinent regulatory field. Plaintiffs assert that the ordinance encroaches on federal regulation of aircraft navigation, aircraft noise, and air safety, fields that have found to be preempted by the FAA. Defendants counter that the pertinent regulatory field is helicopter takeoffs and landings for agricultural purposes on private property, a field that lacks pervasive regulations. Courts tasked with delineating the pertinent regulatory field have tailored it narrowly. *See, e.g., Martin*, 555 F.3d at 811 ("[I]t means that when the agency issues 'pervasive regulations' in an area, like passenger warnings, the FAA

5

preempts all state law claims in *that* area"). Thus, defendants' narrower characterization of the pertinent field is more appropriate (Opp. 5–7; Reply Br. 2 –5).

Our inquiry, however, does not end there. Even if pervasive regulations do not occupy the field of helicopter *takeoffs and landings* for agricultural purposes on private property, the ordinance could still impermissibly encroach upon helicopter *operations* for agricultural purposes, a field which does have extensive regulations. *See* 14 C.F.R. pt. 137. This underlies a central question in this dispute: whether the ordinance is primarily a land use or zoning regulation that is traditionally within the province of local government or if the ordinance affects how, where, and when pilots can operate a helicopter, an area exclusively occupied by federal law.

This order finds that the ordinance specifically targets helicopter takeoffs and landings at locations other than public airports, making it primarily a land use regulation. Although the ordinance dictates that only essential personnel are allowed on board and allows only unavoidable landings and takeoffs, it still primarily regulates where these helicopter operations can begin and end. Defendants are persuasive that the ordinance is an instance of "using the zoning power to assure harmonious development" that does not impinge on helicopter operations. *San Diego Unified Port Dist. v. Gianturco*, 651 F.2d 1306, 1313–1314 (9th Cir. 1981). Furthermore, for a facial preemption challenge, plaintiffs must establish that there are "no sets of circumstances" where the ordinance could be valid. Plaintiffs have failed to meet this high burden as the ordinance could easily be construed as a traditional land use regulation. Therefore, defendants' motion to dismiss the field preemption claim is **GRANTED**.

### B. Conflict Preemption.

Conflict preemption applies "where compliance with both federal and state regulations is a physical impossibility" and in "those instances where the challenged state law stands as an obstacle to the objectives of Congress." *Ventress v. Japan Airlines*, 747 F.3d 716, 720–21 (9th Cir. 2014), *cert denied*, 135 S.Ct. 164 (2014). As in the case of field preemption, plaintiffs have failed in its facial challenge to establish that the ordinance conflicts with federal regulations governing helicopter operations in every circumstance.

Plaintiffs contend that the requirement to only carry essential personnel conflicts with FAA regulations on who may be carried on board agricultural helicopter operations. Plaintiffs point to 14 C.F.R. § 133.35, which states "No certificate holder may allow a person to be carried during rotocraft external-load operations unless that person (1) Is a flight crewmember; (2) Is a flight crewmember trainee; (3) Performs an essential function in connection with the external-load operation; or (4) Is necessary to accomplish the work activity directly associated with that operation." This FAA rule is a prohibition, not a conferral of rights. It does not confer a right to carry trainees. It bars pilots from carrying anyone other than the listed individuals. The ordinance does not bar all training flights. It limits spraying flights and bars trainees on spraying flights, given that they are not essential to spraying. There is no direct conflict since the federal regulations and county ordinance can accommodate each other (Opp. 10–12).

Plaintiffs also point to another regulation that prohibits private agricultural aircraft operators from operating over a congested area. 14 C.F.R. § 137.35. Plaintiffs, however, have failed to establish that following the ordinance would require more helicopter operations to occur over congested areas in every circumstance. There is a possibility that helicopters could be routed from public airports to their agricultural operations with more circuitous routes that have little or no intersection with congested areas. As plaintiffs fall short of establishing a conflict in every circumstance, the defendants' motion to dismiss the conflict preemption claim is **GRANTED**.

### 3. VESTED RIGHTS.

Finally, the Barretts assert that the ordinance deprives them of a vested property right: the right to continue their longstanding use of a helicopter for agricultural management activities. Although the complaint initially alleged constitutional due process violations, subsequent briefing has clarified that plaintiffs' claim involves the "vested right to continue a use which existed at the time zoning regulations changed and the use thereafter became a nonconforming use." *Stokes v. Bd. of Permit Appeals*, 52 Cal. App. 4th 1348, 1353 (1997). This vested rights claim is a "species of governmental estoppel" and a "claim of estoppel

against the government rests not on Constitutional norms of fairness but on broader norms of equity." *Lakeview Development Corp. v. City of South Lake Tahoe*, 915 F.2d 1290, 1295 (9th Cir. 1990). Thus, state law governs this claim.

The Barretts' challenge, however, is not ripe for judicial review because they have not yet been denied permission to continue their helicopter operations. *See League to Save Lake Tahoe v. Crystal Enters.,* 685 F.2d 1142, 1146 (9th Cir. 1982) (noting that the vested rights claim was not ripe as the landowner had not been denied permission to continue the project). The Barretts assert that it would be futile to seek permission to continue their nonconforming use as defendants deny their vested rights as a matter of law in this action. This order disagrees and holds that the Barretts must apply for a permit. Then we can litigate the specific conditions imposed and whether those conditions violate any "vested right" granted. Thus, defendants' motion to dismiss the claim for vested rights is **GRANTED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the facial void for vagueness claim is **DENIED** (to the extent stated above), the facial federal preemption claim is **GRANTED**, and the vested rights claim is **GRANTED**. The answer is due within **TEN DAYS** from the date of this order. Discovery may commence.

**IT IS SO ORDERED.**

Dated: April 18, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE