IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HELICOPTERS FOR AGRICULTURE;
JAMES BARRETT; HEIDI BARRETT;
and BARRETT AND BARRETT
VINEYARDS, LP,

    Plaintiffs,

  v.

COUNTY OF NAPA and NAPA COUNTY
BOARD OF SUPERVISORS,

    Defendants.

No. C 18-06124 WHA

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS**

## INTRODUCTION

In this action challenging a county ordinance regulating the use of helicopters for agricultural purposes, plaintiffs move for summary judgment and defendants move for judgment on the pleadings. Both motions are **DENIED**.

## STATEMENT

A prior order has set forth the background of this case (Dkt. No. 49). In brief, in June 2018, Napa County passed an initiative measure, called "Measure D," that restricted the use of helicopters for agricultural operations. The measure was adopted as Napa County Ordinance No. 2018-02 with the stated purpose of preserving Napa County's "rural, agricultural and peaceful character" by "prohibit[ing] any new personal use airports or heliports" and "clarif[ying] the limited circumstances under which helicopters may take-off and land in the County for agricultural purposes" (Dkt. No. 58 at 7).

The ordinance specifically modified Section 18.120.010 of the Napa County Code, which listed exceptions to use limitations. Before the enactment of the ordinance, Section 18.120.010 explicitly allowed "[h]elicopter takeoffs and landings solely in support of direct agricultural production activities such as aerial spraying and frost protection" without a user permit in any zoning district (Dkt. No. 58 at 7). The ordinance modified that section to allow (*id*. at 7–8 (emphasis added)):

> [h]elicopter takeoffs and landings at locations other than public airports, in support of direct agricultural activities, but only if the takeoffs and landings comply with all of the following conditions: (a) they are solely in support of direct aerial agricultural activities and applications such as aerial spraying, aerial frost protection, or aerial mapping; (b) they do not transport persons other than those essential to the conduct of such aerial activities; and (c) they are *unavoidable*.

The ordinance further required that within forty-eight hours of any takeoff or landing in support of direct agricultural activities, the helicopter operator must submit a written report stating the date, time, duration, and aerial activity of the operation, the people who participated in the activity, and the reason why the operation was unavoidable. Violation of the ordinance could result in civil and criminal penalties (First Amd. Compl. ¶¶ 1, 33–38).

Plaintiffs James and Heidi Barrett are residents of Napa County and own plaintiff Barrett and Barrett Vineyards, LP, a California limited partnership that operates a vineyard in northern Napa County. Since 2010, the Barretts have owned and used a helicopter for agricultural activities on their vineyards and offered similar services to clients that own vineyards in neighboring counties. According to plaintiffs, helicopters are critical to agricultural management and production and are used for distribution of seed for crop cover, frost protection, aerial spraying, grape drying, and vineyard inspection. These operations, they say, involve on-site take offs and landings for refueling, reloading seeds or spray tanks, and consulting with ground-based personnel. They argue that continued helicopter use may subject them to civil and criminal liability under the ordinance (*id*. ¶¶ 12–13, 17–19, 23–24).

In October 2018, plaintiffs filed the instant action for declaratory and injunctive relief against defendants County of Napa and its Board of Supervisors to protect their own interests and those of other owners and operators of farms and vineyards in Napa County. They asserted

three claims: (1) facial void for vagueness, (2) facial preemption by Federal Aviation Administration regulations, and (3) deprivation of the Barretts' vested rights (*id*. ¶¶ 1–7, 10–24 41, 51–53, 61).

A prior order dated April 18 granted in part and denied in part defendants' motion to dismiss (Dkt. No. 49). That order dismissed plaintiffs' complaint save for one aspect of the void-for-vagueness claim. Now all that remains in this case is the sole issue of whether the term "unavoidable" in the ordinance is unconstitutionally vague (*see id*. at 4). Specifically, the order dated April 18 found the term unduly vague at the motion to dismiss stage, where the term lacked any meaningful context and was thus susceptible to multiple interpretations, as follows (*ibid*.):

> Does it mean that the crop will fail without that particular aerial spraying? Does it mean that ground-based spraying — as in hand spraying — would not suffice? Does it mean that the flight is barred if it is physically possible to take off and land from a municipal airport? Or does it simply mean that if aerial spraying is used, the task must be accomplished in the fewest number of flights possible

Defendants have since tried to clarify the meaning of "unavoidable." On September 17, the County's Department of Planning, Building & Environmental Services issued "FAQs provid[ing] guidance to private landowners, helicopter operators, and members of the public about Measure D requirements and enforcement" (Dkt. No. 58 at 26). Relevant here, the answer to the fifth FAQ provided that (*id*. at 27):

> [A] helicopter takeoff or landing on private property qualified as unavoidable only when [1] the aerial agricultural activity cannot be accomplished by taking off or landing at a public airport, or [2] using a public airport would create a health or safety risk.

It reiterated that "[e]mergency takeoffs and landings for health or safety reasons are always deemed to be unavoidable events" (*ibid*.). The FAQ 5 answer further clarified that takeoffs or landings "are not considered unavoidable when, for example, they are made for convenience, to avoid standard airport fees, or to minimize costs" (*ibid*.). It also offered the following four "[e]xamples of circumstances in which a takeoff or landing on private property may be considered unavoidable" (*ibid*.):

- The distance from a public airport would prevent the helicopter from reserving sufficient fuel to conduct the agricultural activity.

3

- The necessary supplies or support services cannot be provided at the public airport.

- Using the public airport would require transporting exposed chemical tanks over densely populated areas, posing public health risks from a possible spill.

- The agricultural activity must be undertaken or completed during severe weather that negatively impacts flight safety

The answer to the seventh FAQ then provided that violation of Measure D would subject the owner of the private property on which such violation occurred to "administrative and/or civil enforcement process and penalties set forth in Chapter 1.20 of the Napa County Code" (with no mention of criminal penalties) (*id.* at 28).

Both parties now move on the question of whether "unavoidable" is unconstitutionally vague. Plaintiffs move for summary judgment on their claim that the term is void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 7(a) of the California Constitution (Dkt. No. 55; First Amd. Compl. ¶ 40). Defendants move for judgment on the pleadings, arguing that plaintiffs failed to state a claim in light of the alleged interpretive guidance provided by the recently-issued FAQs (Dkt. No. 57). This order follows full briefing and oral argument.

## ANALYSIS

**1. REQUESTS FOR JUDICIAL NOTICE.**

Defendants request judicial notice of the Napa County Ordinance No. 2018-02 (Measure D), Measure D ballot materials, Measure D Frequently Asked Questions, and excerpts of the Napa County Code of Ordinances (Dkt. Nos. 58, 60). A court may judicially notice a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. CIV. P. 201(b). Courts may take judicial notice of matters of public record, including municipal ordinances. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). As such, defendants' request for judicial notice of Exhibits A–D is **GRANTED**.

Plaintiffs' request for judicial notice of excerpts of the Napa County General Plan (Dkt. No. 64, Exh. C) is **GRANTED**. All other requests for judicial notice by plaintiffs are **DENIED AS**

4

**MOOT**, as those requests are either duplicative of already judicially noticed documents or are not necessary for resolving the instant motions.

### 2. MOTIONS FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS.

"To avoid unconstitutional vagueness, an ordinance must (1) define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited; and (2) establish standards to permit [enforcement of] the law in a non-arbitrary, non-discriminatory manner." *McCormack v. Herzog*, 788 F.3d 1017, 1031 (9th Cir. 2015) (internal quotation marks and citations omitted). "[A]n agency-issued instruction manual, even if lacking the force of law itself, can clarify what conduct is expected of a person subject to a particular regulation and thus mitigate against vagueness." *Cal. Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 571 (9th Cir. 2018).

The prior order dated April 18 found the term "unavoidable" unduly vague because, in essence, the ordinance "failed to define the[] word[] or provide other context" (Dkt. No. 49). Defendants now argue that the interpretive guidance issued on September 18 addressed the prior order's concern by providing further context for the term. They thus contend that plaintiff's facial vagueness claim fails as a matter of law because the ordinance now gives sufficient fair notice as to what is prohibited helicopter use and allows for non-arbitrary enforcement (Dkt. No. 57 at 7, 12).

Plaintiffs do not attack the ordinance for failure to provide fair notice. Rather, they contend that "the interpretation must be reasonable and consistent with the language and purpose of the measure" (Dkt. No. 61 at 6). *See Hubbard v. Cal. Coastal Comm'n*, 38 Cal. App. 5th 119, 135 (2019) (statutory language "must be construed in context and in light of the statute's obvious nature and purpose, and must be given a reasonable and commonsense interpretation that is consistent with the Legislature's apparent purpose and intention."). And, the FAQs' interpretation (1) is not reasonable; (2) conflicts with the ordinance's purpose; and (3) renders the ordinance inconsistent with the General Plan, they say (Dkt. No. 61 at 7). Plaintiffs assert, for example, that the FAQs' interpretation is unreasonable because it amounts to a "*de facto* ban on on-site takeoffs and landings" and "conflicts with one of the core

5

purposes" of the ordinance — namely, to protect residential neighborhoods from helicopter noise (Dkt. No. 61 at 13, 15). That is, according to plaintiffs, the practical effect of the interpretative guidance would be "to require the same helicopters to fly back and forth from a public airport, over homes and businesses" during agricultural operations, thereby creating even greater disruption to those residential areas (*id*. at 16).

This order finds that factual questions exist on this record as to whether the interpretive guidance is reasonable. While plaintiffs argue, for example, that it would lead to even more disruption to the "peaceful character" of Napa County, defendants counter that this alleged consequence is speculative. Another possible effect may be a decrease usage of helicopters, defendants say, as multiple trips over residential areas may affect the cost-benefit calculus of choosing aerial versus ground-based operations. And, significant operations such as aerial spraying that require multiple takeoffs and landings per day that involve chemical loads would also constitute an "unavoidable" circumstance in any event.

The questions the parties raise in the instant motions cannot be resolved as a matter of law on this record. More facts are needed to determine, for example, the net effect of the FAQs' interpretation and whether or not the result would defeat the purpose of the ordinance. Accordingly, both parties' motions are **DENIED**. A trial will follow.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment and defendants' motion for judgment on the pleadings are **DENIED**.

**IT IS SO ORDERED.**

Dated: November 22, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE